IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN D. PFISTER AND MICHELLE
M. PFISTER,

            Plaintiffs,

     v.

STATE FARM FIRE AND CASUALTY
COMPANY,

            Defendant.

11cv0799

**ELECTRONICALLY FILED**

### MEMORANDUM OPINION REGARDING DEFENDANT'S MOTION TO DISMISS RE: BAD FAITH CLAIM (DOC. NO. 15)

**I. Introduction**

Presently before the Court is the Motion of Defendant State Farm Fire and Casualty Company ("State Farm") to Dismiss Count III of Plaintiffs Brian and Michelle Pfisters' Amended Complaint. Doc. No. 15. The parties' dispute centers on State Farm's handling of a claim by Plaintiffs under their homeowners' insurance policy for water damage to their home. In April 2011, Plaintiffs filed a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania stating causes of action for breach of contract, declaratory judgment, and statutory bad faith. Doc. No. 1 Ex. 2  On June 16, 2011, State Farm removed the case to this Court based on the parties' diverse citizenship. Doc. No. 1. On June 23, 2011, State Farm filed a Motion to Dismiss the declaratory judgment and bad faith claims in Plaintiffs' Complaint. Doc. No. 5. State Farm's Motion to Dismiss was mooted when Plaintiffs filed an Amended Complaint on July 6, 2011. Doc. No. 9. On July 13, the parties entered a Stipulation dismissing the

1

declaratory judgment claim contained in Plaintiffs' Amended Complaint. Doc. No. 12. The same day, State Farm moved to dismiss Count III, the statutory bad faith claim, in Plaintiffs' Amended Complaint. For the reasons that follow, Defendant's Motion to Dismiss will be granted.

## II. Factual Background

When reviewing a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all factual allegations in the Complaint as true and draws all reasonable inferences in favor of the Plaintiff. See *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The facts of this case are as follows:

Plaintiffs are husband and wife, Brian D. and Michelle M. Pfister, who reside in Allegheny County, Pennsylvania. Doc. No. 9 ¶ 1. Since their house was built, Plaintiffs have maintained a homeowners' insurance policy through Defendant. *Id*. ¶ 8. In 2010, Plaintiffs filed a property loss claim with Defendant for damage to their home that occurred on or about April 25, 2010. *Id*. ¶ 10. In their loss claim, Plaintiffs allege that they suffered physical and structural damage to their master bedroom floor, kitchen ceiling, kitchen cabinets and countertops, kitchen floor, and second floor carpet due to a blocked shower drain in the master bathroom. *Id*. ¶ 11.

On or about June 29, 2010, Defendant accepted the claim and issued payment to the Plaintiffs in the amount of $16,169.48. *Id*. ¶ 22. Despite numerous requests from Plaintiffs, however, Defendant has declined to issue additional payment on Plaintiffs' claim. *Id*. ¶ 24.

## III. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), civil complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts

to state a claim to relief that is plausible on its face." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1]

To survive a motion to dismiss under Rule 12(b)(6), a claim for relief now "'requires more than labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) (quoting *Twombly*, 550 U.S. at 555). While Rule 8 was "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950.

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit recently explained that a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, No. 10-03539, 2011 WL 2044166, at *2 (3d Cir. May 26, 2011) (quoting *Iqbal*, 129 S. Ct. at 1947, 1950). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950.

---

[1] In *Twombly*, the United States Supreme Court abrogated its decision in *Conley v. Gibson*, 355 U.S. 41 (1957), which allowed dismissal of a claim only if "no set of facts" could be conceived to support it. *Conley*, 355 U.S. at 45.

In conducting this analysis, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of what is alleged in the relevant Complaint. *See Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000). In short, a Motion to Dismiss should not be granted if a party alleges facts, which if established at trial, would entitle him to relief. *Fowler*, 578 F.3d at 563 n.8.

## IV. Discussion

Plaintiffs assert that State Farm's actions "in failing and refusing to provide full payment for Plaintiffs' property loss constitutes bad faith" in violation of 42 Pa. Cons. Stat. § 8371. Doc. 1 Ex. 2 ¶ 47. Section 8371 states:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S. § 8371.

Under Pennsylvania law, "[b]ad faith claims are fact-specific and depend on the conduct of the insurer vis-a-vis its insured." *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. Ct. 2000). The relevant statute does not define bad faith, but in the insurance context, the phrase generally describes a "frivolous or unfounded refusal to pay proceeds of a

4

policy." *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994). To succeed on a claim for bad faith, a plaintiff must ultimately demonstrate that "(1) the insurer did not have a reasonable basis for denying coverage, and (2) the insurer knew or recklessly disregarded its lack of reasonable basis." *Id*. at 689-90.

Pennsylvania appellate courts have cautioned that what constitutes bad faith "cannot be precisely defined in all circumstances." *Zimmerman v. Harleysville Mut. Ins. Co* 860 A.2d 167, 172 (Pa. Super. Ct. 2004) (*en banc*). Bad faith has been found where an insurer failed to investigate a claim fairly and objectively. *See Pinkhasov v. Allstate Ins.*, No. 11-0171, 2011 WL 2470466, at *3 (M.D. Pa. June 20, 2011) (denying Motion to Dismiss section 8371 claim where plaintiff alleged insurer "did not inspect the property, did not investigate the claim, and if it did investigate the claim it did so without adopting and implementing reasonable standards"); *Giangreco v. U.S. Life Ins. Co.*, 168 F. Supp. 2d 417, 423 (E.D. Pa. 2001); *Diamon v. Penn Mut. Fire Ins. Co.*, 372 A.2d 1218, 1226 (Pa. Super. Ct. 1977) (noting that an insured is entitled to expect that the insurer will exercise reasonable care in investigating the claim and reject it only for good cause). Bad faith has also been found where an insurer fails to communicate its reasons for denying a claim to an insured. *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 501 (Pa. Super. Ct. 2004) (citing *Romano v. Nationwide Mut. Fire Ins. Co.*, 646 A.2d 1228, 1232 (Pa. Super. Ct. 1994)). Unreasonable delay in handling claims is another bad faith insurance practice. *See Ania v. Allstate Ins. Co.*, 161 F. Supp. 2d 424, 430 (E.D. Pa. 2001). "[T]the crux of a bad faith claim under § 8371 is denial of coverage by an insurer when it has no good reason to do so." *Lehman v. Victoria Fire & Cas. Ins. Co*., No. 09-01542, 2011 WL 2457928, at *6 (W.D. Pa. June 16, 2011) (quoting *Jung v. Nationwide Mut. Fire. Ins. Co.*, 949 F. Supp. 353, 360 (E.D. Pa.1997)).

Plaintiffs' Complaint states that State Farm "has failed to settle in good faith, or to negotiate in good faith to settle the action in full," and that it "lacks a reasonable basis for denying full benefits to the Plaintiffs." Doc. No. 9 ¶¶ 43-44. To support these claims, Plaintiffs identify three specific actions by State Farm they view as unreasonable. First, they claim that State Farm "has failed and refused to adequately and completely address the nature of Plaintiffs' dwelling," specifically the "seamless" carpet on the second floor of their home and the kitchen flooring and cabinetry. *Id*. ¶ 24. Second, they claim that State Farm has "failed and refused to adequately and completely address the numerous estimates and expense reports submitted by Plaintiffs." *Id*. Third, they object that State Farm has "continuously attempted to direct Plaintiffs to use the services of contractors or subcontractors of [State Farm's] choosing, which would result in a diminution of the aesthetic and pecuniary value of the Plaintiffs' residence." *Id*.

Plaintiffs have failed to allege facts that reasonably suggest a "frivolous or unfounded refusal to pay proceeds of a policy." *Terletsky*, 649 A.2d at 688. The Court notes that there is a large discrepancy between the amount Plaintiffs claim under the policy – over $152,000 – and the $16,169.48 offered to Plaintiffs by State Farm. Doc. 9 ¶¶ 17, 22. Yet this discrepancy alone is not evidence of bad faith; Pennsylvania law generally does not treat as bad faith an insurer's low but reasonable estimate of an insured's losses. *Brown*, 860 A.2d at 501. Based on the facts alleged, the Court has no reason to believe that State Farm's offer was unreasonable. Plaintiffs do not assert that State's Farm's failed to investigate their claim adequately, and it is not surprising that State Farm disagrees with Plaintiffs' loss estimate, which was computed by

6

Plaintiff Brian Pfister himself.[2]  In short, the facts adduced in Plaintffs' Amended Complaint do not suggest bad faith on the part of State Farm; at most, the Amended Complaint suggests an honest dispute between Plaintiffs and State Farm over the value of Plaintiffs' claim under the relevant homeowners' policy.

As Chief Judge Lancaster of this Court recently noted, district courts should be cognizant that Plaintiffs in section 8371 actions are often at a disadvantage in averring facts because the defendant insurer is usually "in exclusive possession of the information regarding its claims decision." *Craker v. State Farm Mut. Auto. Ins. Co.*, No. 11–0225, 2011 WL 1671634, at *5 (W.D. Pa. May 3, 2011). Yet because the facts alleged by Plaintiffs do not support an entitlement to relief, their section 8371 claim must be dismissed. *See Fowler*, 578 F.3d at 563 n.8.

## V. Conclusion

For the reasons discussed above, Allstate's Motion to Dismiss will be **GRANTED**.

### Order of Court

And now, this 26th day of July, 2011, for the reasons set forth in the foregoing Memorandum Opinion, it is HEREBY ORDERED as follows:

(1)    Defendant's Motion to Dismiss (Doc. No. 15) is GRANTED;

---

[2] The Amended Complaint states that Plaintiffs "received numerous estimates from third-party companies," Doc. 9 ¶ 12, and that Plaintiff "Brian Pfister, as a certified public adjuster, utilized the estimates and expert reports and calculated and prepared a comprehensive and itemized claim in accordance with acceptable standards in the insurance adjusting industry." *Id*. ¶ 16.

(2) Count III of Plaintiffs' Amended Complaint (Doc. No. 9) is DISMISSED without prejudice. Plaintiffs may file a Second Amended Complaint on or before August 2, 2011.[3]

                                                  s/Arthur J. Schwab
                                                  Arthur J. Schwab
                                                  United States District Judge

cc: All Registered ECF Counsel and Parties

---

[3] On or before August 9, 2011, Defendant may Answer or file a Renewed Motion to Dismiss with Response Thereto due on or before August 16, 2011.