IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN D. PFISTER AND MICHELLE M.
PFISTER,

           Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

           Defendant.

11cv0799

**ELECTRONICALLY FILED**

## MEMORANDUM ORDER REGARDING DEFENDANT'S MOTION TO DISMISS (DOC. NO. 27)

### I.    Introduction

Presently before the Court is the Motion of Defendant State Farm Fire and Casualty Company ("State Farm") to Dismiss a statutory bad faith claim (Count II) in the Second Amended Complaint filed by Plaintiffs Brian and Michelle Pfister.[1] Doc. No. 27. On July 26, 2011, this Court entered a Memorandum Opinion addressing an earlier Motion to Dismiss. Doc. No. 21.[2] In that Opinion, Plaintiffs' bad faith claim was dismissed without prejudice. Plaintiffs subsequently filed a Second Amended Complaint on August 2, 2011. Doc. No. 26. For the reasons that follow, Defendant's Motion to Dismiss will be granted.

---

[1] On July 13, 2011, the parties jointly agreed to the dismissal of Count II of Plaintiffs' First Amended Complaint, which sought a declaratory judgment. The bad faith claim styled as Count III in Plaintiffs' First Amended Complaint is styled as Count II in the Second Amended Complaint presently before the Court.

[2] The facts of this case are discussed in detail in the July 26, 2011 Opinion.

**II.     Discussion**

In assessing Defendant's Motion to Dismiss, the Court will apply the same standard of review as in its opinion of July 26, 2011.  *See* Doc. No. 21.  In Count II of their Second Amended Complaint, Plaintiffs assert that Defendant's failure to pay the full amount sought by Plaintiffs on a homeowner's insurance claim constituts bad faith in violation of Pennsylvania insurance law.  Doc No. 26 ¶¶ 35-40.  To support their bad faith claim, Plaintiffs assert that Defendant: 1) failed "to conduct a complete and thorough investigation of the claim"; 2) failed to "objectively and fairly value Plaintiffs' claim"; 3) relied upon an estimate compiled by its own consultant while ignoring an estimate provided by Plaintiffs; 4) "failed to negotiate the claim in good faith"; 5) failed to "respond to Plaintiffs' additional written request to discuss resolution of the claim without litigation"; and 6) "failed to provide a reasonable factual explanation of the basis for Defendant's refusal" to pay the full amount sought by Plaintiffs.  *Id*. ¶ 25.

The facts alleged are insufficient to support the conclusion that Defendant's actions constituted a "frivolous or unfounded refusal to pay proceeds of a policy." *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994).  When stripped of legal conclusions, it is clear only that Plaintiffs filed a claim on their homeowner's policy, that Defendant sent a contractor to evaluate Plaintiffs' claim, and that Plaintiffs and Defendant currently disagree on the value of the claim.  This in inadequate under *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations.").

With regard to their assertion that Defendant failed to properly investigate their claim, Plaintiffs assert that Defendant failed "to inspect and investigate the extent of damage and mold, if any, resulting from water in, through, or behind the kitchen cabinetry."  Doc. No. 26 ¶ 25.

However, the homeowners' policy at issue does not cover mold damage. Doc. No. 1 Ex. 2, at 35 (noting that "mold, fungus or wet or dry rot" are not covered losses).[3] Beyond this, Plaintiff's allegation is inadequate because it contains no specific facts "that describe who, what, where, when, and how the alleged bad faith conduct occurred." *Liberty Ins. Corp. v. PGT Trucking, Inc.*, 2011 WL 2552531, at *4 (W.D. Pa. June 27, 2011) (McVerry, J.).

Plaintiffs' allegations that Defendant failed to negotiate in good faith and failed to respond to a certain written communication relate to a letter sent by Plaintiffs to State Farm on February 9, 2011, demanding mediation or appraisal of their claim. *See* Doc No. 32, at 6-7. Plaintiffs note that "Defendant's only response [to the February 9 letter] in excess of thirty (30) days thereafter was that it was concluding its review [and] that it would pay nothing additional on the claim." *Id.* at 6. The insurance policy at issue contains no provision requiring State Farm to submit to arbitration. It does state that if State Farm or a homeowner "fail to agree on the amount of loss, either one can demand the amount of the loss be set by appraisal." Doc. No. 1 Ex. 2, at 40. Yet appraisal is the act of determining "what constitutes a fair price," *Black's Law Dictionary* (9th ed. 2009), and is not appropriate where, as here, the scope of coverage is in dispute.[4] Moreover, Defendant did respond in writing to Plaintiffs' demand for mediation or arbitration; it simply did not respond with the answer Plaintiffs sought.

Finally, Plaintiffs claim that Defendant failed to explain its reason for denying part of their claim. As noted in this Court's earlier opinion, *see* Doc. No. 21, an insurer's failure to

---

[3] A court may consider exhibits attached to a complaint in deciding a motion to dismiss. *Kojeszewski v. Infinity Ins. Co.*, 2006 U.S. Dist. LEXIS 79306 (M.D. Pa.).

[4] As noted in the Court's Opinion of July 26, 2011, the parties disagree over State Farm's obligation to replace: 1) the entire carpet on the second floor of Plaintiffs' house; and 2) the flooring and countertops in Plaintiffs' kitchen. *Compare* Doc. No. 26 ¶ 13 (Plaintiffs' Second Amended Complaint) *with* Doc. No. 28, at 3 (Brief in Support of Defendant's Motion to Dismiss Count II).

communicate with an insured can constitute bad faith. *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 501 (Pa. Super. Ct. 2004) (citing *Romano v. Nationwide Mut. Fire Ins. Co.*, 646 A.2d 1228, 1232 (Pa. Super. Ct. 1994)). Here, however, Plaintiffs do not outline their efforts to seek explanation from State Farm. They have thus failed to assert "what, where, when, and how the alleged bad faith conduct occurred." *Liberty Ins.* 2011 WL 2552531, at *4.

In short, Plaintiffs' Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III. Conclusion

For the reasons discussed above, State Farm's Motion to Dismiss Count II of Plaintiffs' Second Amended Complaint will be **GRANTED**.

### Order of Court

And now, this 18th day of August, 2011, for the reasons set forth in the foregoing Memorandum Opinion, IT IS HEREBY ORDERED as follows:

(1) Defendant's Motion to Dismiss (Doc. No. 27) is **GRANTED**;

(2) Count II of Plaintiffs' Amended Complaint (Doc. No. 26) is **DISMISSED with prejudice**.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties